CARROLL, Judge.
In an action for distress for rent the lessor recovered damages against the lessee and its assignee. The defendants appealed.
Certain of the facts were stipulated by the parties as follows:
“1. That the original lease between the parties hereto commenced on the 3rd day of November, 1959, and terminated November 15, 1961, and that on the termination date, the said lease was extended for a term of five (5) years, *683 to wit, from November IS, 1961, to November 14, 1966.
“2. That during the month of February, 1963, the Building Department of the City of Miami, together with its affiliated agencies, cited said building as being in violation of the Building Code by the use for which the premises were being used, said violations consisting of the following:
“(a) No installed water sprinkler system for fire control;
“(b) Insufficient fire exits and insufficiently installed fire exits;
“(c) Improperly installed electrical fixtures;
“(d) Improper ventilating equipment;
“(e) Improperly installed ventilating equipment
“3. That the Building Department ordered the above violations corrected.
“4. That the costs of effecting the above repairs and installations are in the amount of $8,000.00.
“5. That the landlord and the tenant both denied the duty to cause the corrections to be made, each claiming that it was the other’s duty.
“6. That during the first week of July, 1963, the Building Department cut off the electrical current supply to the building closing down the business for failure to correct the above stated violations.
“7. That the tenant removed all of its equipment and vacated the building during the first week of July, 1963.”
Additionally, the record discloses that before the end of the initial 2-year term of the lease, the lessee assigned it, with consent of the lessor, to Plastic Panels, Inc. It appears that the leased premises were used for the manufacture of plastics, involving the use of flammable liquids and the creation of certain fumes.
The problem which this case presents is whether the lease restricted the use of the premises to “a particular specified purpose.” This becomes important because the appellants rely on the rule, as recited in authorities listed in their brief (Christopher v. Charles Blum Co., 78 Fla. 240, 82 So. 765, 767; and 32 Am.Jur., Landlord and Tenant § 654), that where use of leased premises is limited to a particular specified purpose and by subsequent enactments or governmental rulings is unsuitable for such use, the covenants of the lease become unenforceable.
The provision in the lease as to use was: “[T]o be used and occupied by the lessee as Re-inforced Plastics and for no other purpose or use whatsoever.”
Appellants argue that since the lessee and its assignee used the premises for manufacture of plastics involving flammable materials and fumes for which the subsequent regulations were imposed, the lessor should be conclusively presumed to have known all along that they were being used for that purpose. Appellants argue that should give meaning to the use restriction in the lease, as though it provided specifically for such manufacturing processes. The trial court rejected that argument and submitted the matter to the jury to determine whether the lessor knew in advance that such hazardous use was to be made of the premises and had expressly agreed to and restricted the use accordingly. The appellants’ challenge of that instruction as erroneous is not well founded. The charges given by the court on this feature of the case were tailored to the facts and proper under the law. This is so because the designation of the use as being for “Reinforced Plastics” in the lease had no- exact meaning and did not purport to provide for and restrict the processes to be employed or the manner of handling or dealing with plastics on the premises. For example, it *684 could apply to and permit sale of such plastic merchandise or its storage or other dealings with the plastics as well as their manufacture. The rule of law relied on by the appellant requires that the use be defined and a specific restriction to the allowed purpose. The language used here with reference to the use and the limitation of use did not meet the requirements of the rule. Therefore, unless there was some other agreement on the part of the lessor to bring it within that rule, it was inapplicable here. Even so the question of whether such a specified use and restriction had been agreed upon was submitted to the jury, and no reason has been shown why their decision on that point should be disturbed.
No reversible error having been made to appear the judgment appealed from is here* by affirmed.
Affirmed.